1 SEAN P. FLYNN (SBN: 220184)
sflynn@gordonrees.com
2 GORDON & REES LLP
2211 Michelson Drive
3 Suite 400
Irvine, CA 92612
4 Telephone: (949) 255-6950
Facsimile: (949) 474-2060
5
Attorneys for Defendant
6 I.C. SYSTEM, INC.

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 Victor Shainsky,<br><br>12 Plaintiff,<br><br>13 vs.<br><br>14 I.C. System, Inc.,<br><br>15 Defendant. | CASE NO.<br>[Los Angeles Superior Court Case17K01393]<br><br>**NOTICE OF LODGMENT OF STATE COURT PLEADINGS**<br>[filed concurrently with Notice of Removal and Civil Cover Sheet]<br><br>Complaint filed: January 30, 2017 |

17

18

19
///
20
///
21
///
22
///
23
///
24
///
25
///
26
///
27
///
28

-1-
NOTICE OF LODGMENT OF STATE COURT PLEADINGS

TO THIS HONORABLE COURT:

Pursuant to §1446(a), defendant I.C. System, Inc. ("ICS") hereby lodges true and correct copies of all process, pleadings and orders served by or on ICS in the Superior Court of the State of California for the County of Los Angeles, Case No. 17K01393.

| Exhibit | Title | Party |
|---|---|---|
| 1. | Complaint | Plaintiff |

Dated: March 1, 2017

GORDON & REES LLP

By: *s/Sean P. Flynn*
Sean P. Flynn
Attorneys for Defendant
Receivables Performance
Management, LLC

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-2-
NOTICE OF LODGMENT OF STATE COURT PLEADINGS

# EXHIBIT 1

1  Todd M. Friedman (216752)
2  Adrian R. Bacon (280332)
   Law Offices of Todd M. Friedman, P.C.
3  21550 Oxnard St., Ste 780
   Woodland Hills, CA 91367
4  Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   Attorneys for Plaintiff
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 3 0 2017

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                 FOR THE COUNTY OF LOS ANGELES
                       LIMITED JURISDICTION

10                                          Case No. 17K01393
11 VICTOR SHAINSKY,
                                            COMPLAINT
12           Plaintiff,                     (Amount not to exceed $10,000 but not
                                            $25,000)
13 -vs-
14                                          1. Violation of Rosenthal Fair Debt
   I.C. System, Inc., DOES 1-10,               Collection Practices Act
15                                          2. Violation of Fair Debt Collection
            Defendant.                         Practices Act
16                                          3. Violation of Telephone Consumer
                                               Protection Act
17                                          4. Violation of the California Consumer
18                                             Credit Reporting Agencies Act

19                            I. INTRODUCTION
20      1. This is an action for damages brought by an individual consumer for Defendant's
21 violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*
22 (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*
23 (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,
24 deceptive, and unfair practices. In addition, Plaintiff brings this claim for Defendant's
25 Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code
26 §1785.25, *et seq.* Ancillary to the claims above, Plaintiff further alleges claims for Defendant's
27 violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter
28 "TCPA").

BY FAX

Complaint - 1

## II. PARTIES

2. Plaintiff, VICTOR SHAINSKY ("Plaintiff"), is a natural person residing in LOS ANGELES County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3), is a "debtor" as defined by RFDCPA, Cal Civ Code §1788.2(h), and is a "person" as defined by *47 U.S.C. § 153 (39)*.

3. At all relevant times herein, Defendant, I.C. System, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

5. Prior to February of 2016, Plaintiff purchased internet services from third party, AT&T. Plaintiff and AT&T agreed that Plaintiff would pay a certain rate in exchange for receiving internet services.

6. Despite such representations, AT&T began charging Plaintiff at an increased rate in order to use internet services.

7. Plaintiff called AT&T to cancel the internet services and was told by an AT&T representative that they would cancel his bill and charge him at a pro rata rate.

8. Despite this, AT&T charged Plaintiff for the full amount and continued to charge him even after he had made his cancellation request.

9. Plaintiff contested the amount of charged multiple times and AT&T continually represented to Plaintiff that he would not need to pay the full amount.

10. Despite this, AT&T hired Defendant to collect this debt from Plaintiff.

11.     Plaintiff informed Defendant multiple times that he did not owe the alleged debt; however, Defendant continued to attempt to collect the alleged from Plaintiff.

12.     In or around February of 2016, Defendant started making numerous phone calls to Plaintiff regarding an alleged debt, and contacted Plaintiff's cell phone number ending in -8871. Defendant has made numerous harassing calls to Plaintiff; Plaintiff had advised multiple times for Defendant to stop making phone calls, but Defendant fails to cease the calls. Defendant called Plaintiff from several phone numbers that were verified as numbers owned by Defendant.

13.     Defendant made enough calls to be considered harassment, and thus caused high levels of stress to Plaintiff.

14.     In or around 2016, Plaintiff attempted to purchase an automobile. It was at this time that Plaintiff discovered that Defendant had reported the alleged debt on Plaintiff's credit report. As a direct result of Defendant's false and inaccurate derogatory reporting of the alleged debt, Plaintiff's consumer credit score has decreased

15.     As a result of Defendant's actions, Plaintiff retained counsel.  A notice of representation was sent to Defendant on September 27, 2016.  Defendant has failed to respond favorably, if at all, to this letter as of present.

16.     Furthermore, during all relevant times, Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

17.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

18.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

19.     During all relevant times, Defendant did not have Plaintiff's prior consent to be contacted via an "automated telephone dialing system".

20.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

Complaint - 3

a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)) ;and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d))

f) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

g) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

h) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

21. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

22. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress. Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

24. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees,
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages;
    C. Costs and reasonable attorney's fees; and,
    D. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff incorporates by reference all of the preceding paragraphs.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

28. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

30. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)*.

31. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C)*; and

C. Any and all other relief that the Court deems just and proper.

## COUNT IV: CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

34. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

35. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

36. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

37. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees;

(d) For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 30th day of January, 2017.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify and declare that I am over the age of 18 years; I am an employee of Gordon & Rees LLP, and my business address is 2211 Michelson Drive, Suite 400, Irvine, California 92612. On **March 1, 2017,** I served a true and correct of the following: **NOTICE OF LODGMENT OF STATE COURT PLEADINGS** to the individuals listed below as follows:

| Attorneys for Plaintiffs: | |
|---|---|
| Law Offices of Todd M. Friedman PC<br>21550 Oxnard Street, Suite 780<br>Woodland Hills, CA 91367<br>Tel:   877-206-4741<br>Fax:   866-633-0228 | ☒ U.S. Mail Postage Prepaid<br>☐ CM/ECF<br>☐ Hand Delivery<br>☐ Email:<br>tfriedman@toddflaw.com<br>abacon@toddflaw.com |

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, and at whose direction the service stated above was made in the ordinary course of business. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 1, 2017, at Irvine, California.

_____
Leslie M. Handy